UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PIERRE LEMONE DRAPER,
    Petitioner,

vs.

MICHAEL J. NEWMAN, et al.,
    Respondents.

Case No. 3:23-cv-148

Rice, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

On June 1, 2023, this habeas corpus action was transferred to this Court from the District Court for the Eastern District of Pennsylvania. (*See* Doc. 6).

Previously, on May 4, 2023, an identical petition initiated by petitioner in the Eastern District of Pennsylvania was transferred to the Southern District of Ohio and is currently pending in *Draper v. Newman*, Case No. 1:23-cv-265 (S.D. Ohio May 4, 2023). In that case, the Court noted that it appeared from the petition that petitioner—a prisoner at the Butler County, Ohio jail—seeks to challenge his present physical custody awaiting federal criminal charges in *United States v. Draper*, 3:22-cv-78 (S.D. Ohio June 30, 2022). On May 15, 2023, the Court issued a Deficiency Order requiring that petitioner pay the full filing fee or to submit an application and affidavit to proceed *in forma pauperis* within thirty (30) days.

It appears that this case was opened in response to an Order issued in the original action filed by petitioner in the Eastern District of Pennsylvania. On May 4, 2023, the Pennsylvania district court transferred petitioner's petition to the Southern District of Ohio, which as noted above, was opened as *Draper v. Newman*, Case No. 1:23-cv-265 (S.D. Ohio May 4, 2023). On May 5, 2023—the following day—petitioner filed a "Motion for Immediate Release from Custody" in the Pennsylvania case. (*See* Doc. 4). In response, the district court issued an Order

reopening the Pennsylvania case for the limited purpose of sending petitioner's motion and a copy of the Order to the Southern District of Ohio. (*See* Doc. 5). Instead of the Order and motion being filed in petitioner's pending case (Case No. 1:23-cv-265) the Order resulted in the opening of this action.

It is hereby **ORDERED** that the May 31, 2023 Order issued by the District Court for the Eastern District of Pennsylvania (Doc. 5) and petitioner's Motion for Immediate Release From Custody (Doc. 4) be docketed in *Draper v. Newman*, Case No. 1:23-cv-265 (S.D. Ohio May 4, 2023).

Because the petition filed in this case is identical to and duplicative of the petition already filed and pending in Case No. 1:23-cv-265, this action should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's duplicative petition for a writ of habeas corpus **DISMISSED**.

2. A certificate of appealability should not issue with respect any Order adopting this Report and Recommendation to dismiss the instant habeas corpus petition on the procedural ground of duplicativeness. Under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[1]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should

---

[1] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the duplicative petition. *See Slack,* 529 U.S. at 484.

**DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge